[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties to this action were married in Hungary in 1971. There is one minor child, Rafael Ruzsa, born August 8, 1976. There is also an older child who has already reached her majority.
The defendant appeared at the trial pro se and had the use of an interpreter. In addition to the testimony as to the finances of the parties, there were accusations of wrongdoing on both sides. These matters as to fault were given less weight than the evidence as to finances because of the limited economic circumstances of both parties. At the conclusion of the trial the defendant requested a continuance in order to contact an attorney. This request was denied. During the trial the defendant had encountered no evidence that was in the nature of a surprise. Also, the defendant had had ample time to engage counsel.
The defendant has been employed as a printer, and during the year 1993 received gross wages in excess of CT Page 10375 $29,000. He has been remiss in paying the support order of $87.00 per week and has thereby incurred an arrearage of $3413.12.
Because of the defendant's poor record in obeying the court orders, a wage execution would appear proper. However, it is not requested in the prayer for relief. Application may be made under General Statutes § 52-631a if the defendant again fails to comply.
The following judgment may enter:
1. A decree of dissolution of the marriage may enter on the ground of its irretrievable breakdown. The plaintiff is awarded custody of the minor child, Rafael Ruzsa.
2. The parties shall each retain their present ownership of their assets.
3. Any bank accounts or other investments which are owned by the defendant shall be shared equally by both parties.
4. The defendant shall pay support for Rafael in the weekly sum of $105.00 until August 8, 1995 when he shall attain age 19, and also $25.00 per week as alimony. After said August 8, 1995 the defendant shall pay $100.00 per week as alimony and nothing thereafter for the support of Rafael. Said alimony shall continue to August 8, 2005.
5. The defendant is liable for $1315.00 in dental expenses for Rafael.
6. The defendant shall pay $15.00 weekly in the arrearage of $3434.12 and the dental bill of $1315.00 (total of $4749.12). After August 8, 1995 the defendant shall pay $20.00 on such arrearage.
7. The defendant shall maintain health insurance for Rafael until August 8, 1995 if said insurance is available through his employment.
8. The defendant shall pay the plaintiff's insurance premium for COBRA health and dental insurance for three CT Page 10376 years.
9. The plaintiff may claim an income tax reduction for Rafael.
10. The defendant shall pay $750.00 towards the plaintiff's attorney's fees, which sum shall be added to the arrearage previously stated herein.
11. The Family Violence Protection order shall remain in effect.
John M. Alexander State Judge Referee